[Civ. No. 10085.   First Appellate District, Division Two.—February 20, 1936.]

In the Matter of the Estate of FREDERICK P. FAIR-
FIELD, Deceased.  GENEVA HILL, Appellant, v.
W. A. BLACKMARR, as Executor, etc., et al., Respond-
ents.

John P. Beale, Louis Oneal and Duncan Oneal for Ap-
pellant.

L. F. Hobbs and Frank L. Crist for Respondents.

SPENCE, J.—This is an appeal by Geneva Hill from an
order confirming the sale of certain real property subject to
a life estate devised to Ellen M. Perry by the will of the
testator.

The only point raised by appellant is that the court
erred in confirming the sale of the remainder interest which
had been devised by the will of the testator to appellant,
Geneva Hill, a first cousin of the testator, "when other real
and personal property which had been specifically bequeathed
and devised to persons not related to the testator was avail-
able for sale and no effort had been made to sell the same".

The testator died in 1933, leaving an estate consisting of a
piece of real property valued at $3,500 and personal prop-

erty valued at about $2,800. The cash consisted of $112.60. Shortly before his death, the testator executed a will in which he specifically bequeathed and devised to various named persons practically all of his property, real and personal. The main beneficiaries were two friends, W. A. Blackmarr and Ellen M. Perry. Practically all of the personal property was left to them, and a life estate in the real property was left to Ellen M. Perry, who was then 49 years of age. The remainder interest in said real property was left to appellant, Geneva Hill, and the residuary clause was made in her favor. After thus disposing of his entire estate, the testator included in his will a further paragraph numbered "eleventh". In this paragraph, he expressed his reason for leaving nothing to relatives not mentioned in the will. He further stated, "I have made the above bequests to my friends W. A. Blackmarr and Mrs. Ellen M. Perry, both of whom have been exceedingly kind to me during my old age, and I appreciate that kindness and especially wish them to have the property I have given them."

It is the contention of appellant that "section 752 of the Probate Code of the State of California settles the question here involved". Said section reads as follows: "Unless a different intention is expressed in the will, abatement takes place in any class only as between legacies of that class, and legacies to a spouse or to kindred are chargeable only after legacies to persons not related to the testator." It is conceded that this section has not been construed since its enactment as part of the Probate Code and that the only case construing the sections of the Civil Code which preceded it is *Estate of Apple,* 66 Cal. 432 [6 Pac. 7]. A reading of that case clearly shows that what was said concerning the sections of the Civil Code was unnecessary to the decision. But assuming that said section 752 of the Probate Code is applicable and that the point was properly raised at the time of the confirmation of the sale, we nevertheless believe that the provisions of said section sustain the position of respondents rather than the position of appellant.

Omitting the portion of the section which admittedly has no application here, the section reads: *"Unless a different intention is expressed in the will . . .* legacies to a spouse or to kindred are chargeable only after legacies to persons not related to the testator." (Italics ours.) The question then

arises as to whether the testator in the present case expressed a different intention in his will. We are of the opinion that he did. He disposed of his entire estate and then stated, "I . . . especially wish them (W. A. Blackmarr and Ellen M. Perry) to have the property I have given them". In Webster's New International Dictionary (2d ed.) the adjective "especial" is defined as "not general; special. Distinguished among others of the same class as exceptional in degree." We are satisfied that the testator's intention, as expressed in his will, was to distinguish between the legacies to W. A. Blackmarr and Ellen M. Perry and the legacies to others, and to show a preference in favor of the former. We therefore conclude that appellant's contention may not be sustained.

The order confirming the sale is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.